**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE O'NEAL,

        Petitioner,

  vs.

Warden R. A. HOREL; HARLAN WATKINS & DEPARTMENT OF CORRECTIONS,

        Respondents.
                                    /

No. C 06-4746 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

This is a habeas case filed pro se by a state prisoner. The petition is directed to petitioner's "validation" as a gang member and consequent confinement in the Security Housing Unit ("SHU") at Pelican Bay State Prison. Petitioner contended in the petition that: (1) he was not given an opportunity to tell his side of the story regarding his validation; (2) he was not provided with the "discovery" regarding the basis for his validation required by the consent decree in *Castillo v. Alamieda*, state law, and due process; and (3) conditions of his confinement in the SHU violated his Eighth Amendment rights. In the court's initial review order it dismissed his state law, *Castillo*, and conditions of confinement claims, and ordered petitioner to show cause why the remaining issues should not be dismissed as not going to the length of his confinement.

Petitioner has responded that while he is in the SHU he cannot earn good time credits, amounting to one day for every two actually served. His claims that his confinement in the SHU is unconstitutional therefore do go to the length of his confinement, and may properly be brought in a habeas case. An order to show cause will issue to respondent as to the remaining issues.

///

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of the petition, the court's order entered April 9, 2007, and this order on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 26, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\ONEAL746.OSC-R